**DONALD M. GINDY** (SBN# 45228)
E-Mail: don@gindylaw.com
Law Offices of Donald M. Gindy
1925 Century Park East, Suite 650
Los Angeles CA, 90067
Telephone: (424) 284-3123

Attorney for Plaintiff,
VBCONVERSIONS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS LLC, A California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>MIRROR PLUS TECHNOLOGIES, INC., a legal entity of unknown status; ARC DOCUMENT SOLUTIONS, INC., a Delaware corporation; DOES 1-10, inclusive;<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**3. VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**4. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, § 1201(a);**<br>**5. REQUEST FOR INJUNCTIVE RELIEF**<br><br>*Demand for jury trial* |

1
COMPLAINT

**COMES NOW,** the Plaintiff, VBConversions LLC, a California limited liability company, which hereby alleges that defendants MirrorPlus Technologies, Inc., (hereinafter "MPT") and ARC Document Solutions, Inc.(hereinafter "ARC"), are liable to it for copyright infringement, contributory copyright infringement, vicarious copyright infringement and violation of the Digital Millennium Copyright Act, §1201(a) in connection with the plaintiff's copyrighted software entitled VB.Net to C# Converter. This action is based upon a federal question.

### A. SUMMARY OF THE ACTION.

This action seeks damages and injunctive relief upon defendants' unauthorized access, copying, and adaptation of plaintiff's copyrighted software entitled "VB.NET to C# Converter."(hereinafter "the Program") (C# is pronounced C Sharp).

### B. JURISDICTION.

1. This action arises under the Copyright Act of the United States, 17 U.S.C. §101 and §501, et seq and the Digital Millennium Copyright Act, 17 U.S.C. §1201(a)(1)(A). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a). Jurisdiction is further founded upon the defendants' affirmation of a provision in a licensing agreement that the parties agree to subject themselves to the personal jurisdiction of the courts of the State of California.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) &

§1400(a). Plaintiff further alleges venue is proper as the result of a Forum Selection Clause in a license agreement affirmed by defendants designating the County of Los Angeles, State of California, as the appropriate location for hearing in the event of a dispute arising out the license.

### C. PARTIES

3. VBConversions LLC (hereinafter "VBC") is a California limited liability company, whose principal office is located in Santa Monica, California. VBC engages in the licensing of its software product, (hereinafter "the Program"), to the public on the World Wide Web of the Internet.

4. Plaintiff is informed and believes and thereon alleges that ARC Document Solutions, Inc. (hereinafter "ARC"), is a Delaware corporation, with its principal headquarters located at 1981 N. Broadway, Suite 385, Walnut Creek, California 94596. Upon information and belief, plaintiff alleges that ARC is engaged in business as a provider of print services to the non-residential segment of the architecture, engineering and construction ("AEC") industry.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times MirrorPlus Technologies, Inc., was a wholly owned subsidiary of ARC. MPT provides software solutions for ARC's reprographics business. MPT is located at 45545 Northport Loop East, Fremont, CA 94538.

### D. GENERAL ALLEGATIONS.

6. Plaintiff has registered his program with the Register of Copyright

and was given the registration number of TX 0007608975 for Version 3.0 of the above entitled program. It was registered on August 9, 2012. A copy of the registration is attached hereto and incorporated by reference as **Exhibit "A."**

7. VBC licenses its copyrighted program online at vbconversions.com. VBC subscribes to the Shareware philosophy of offering its program in a trial version for a limited time and with reduced conversion limits to potential purchasers. In this instance, it is offered for 15 days. A party is permitted to try out the program and see if it is suitable for their needs. Users are provided with up to 2,000 lines of Visual Basic programming to convert to C#. If they find the program appropriate for their needs they may apply for a license by paying the standard market fee. However, prior to being permitted to use the Trial version, a prospective purchaser must first affirm an End User Licensing Agreement ("EULA"). No registration key is issued to trial users, unless and until they purchase a license. Otherwise, the trial version of the program will automatically disable after 15 days. A copy of the EULA is attached hereto as **Exhibit "B."**

9. In business programming, Visual Basic (VB) has one of the largest user bases and is probably the most popular programming language. But many developers look to more recent computer languages in order to enhance what they do and to eliminate flaws found in earlier programs such as VB. Newer languages used by programmers include C, C+ and C++. C# has evolved from these earlier attempts at improving VB.

10. C# is intended to be a simple, modern, general-purpose, programming language. The language is intended for use in developing software components suitable for deployment in many different environments. For instance, C# compilers exist for just about every platform imaginable, including Mac, Linux, Windows, Solaris, etc. C# is suitable for writing applications for both hosted and embedded systems, ranging from the very large that use sophisticated operating systems, down to the very small having dedicated functions.

11. Plaintiff is informed and believes that at all times mentioned herein defendants, and each of them, have engaged in and continue to engage in the purchase and/or sale of goods and services within the County of Los Angeles, State of California.

12. The American Registry of Internet Numbers (ARIN) is a non-profit organization that is charged with the task of assigning internet protocol addresses to computers using the Internet. It is one of five organizations around the globe charged with these duties. The geographic area assigned to ARIN is North America. ARIN provides information as to the Net Range of Computers, by IP address, owned and/or operated by parties within the above geographical region.

13. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, Named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are

ascertained. Plaintiff is informed and believes and thereon alleges that all of the defendants, known and unknown, are in some manner responsible for the wrongs alleged herein and that at all times mentioned herein were the agents and servants or joint venturers/ partners-in-concert of the other Defendants, and acted within the course and scope of said agency and employment or within the parameter of their agreement.

14. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, the named Defendants and DOES 1-10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that said defendants have a non-delegable duty to prevent or cause such acts and behavior described herein, which duty defendants failed and/or refused to perform. Plaintiff further alleges upon information and belief that each act, transaction or event hereinafter stated was directed, hosted, served and routed through a network operated and maintained by defendant TTPI.

**FIRST CLAIM FOR RELIEF:** *Violation of 17 U.S.C.§106(1)& 501,et.seq., Copyright Infringement against all defendants.*

15. Plaintiff incorporates by reference paragraphs 1 through 14 as if the same were set forth fully herein.

16. On Tuesday, December 18, 2012, at 9:36 a.m., EST, a user,

presumably named "Jacky," accessed the VBC website and installed the program on the remote computer. The computer is identified by the title: JACKY-38DDACCC1. Its Public Internet Protocol address is 216.241.86.192. The American Registry of Internet Numbers (hereinafter "ARIN") identifies this address as within the Net Range of addresses assigned to defendant, Mirror Plus Technologies, Inc. A copy of the ARIN report is attached hereto and incorporated by reference as **Exhibit** "**C**." The Internal IP address of the computer is noted to be: 192.168.175.128.

17. VBC recorded the installation of the Program on November 18, 2012, at 11:37:17 a.m. VBC further recorded that the object of MPT was Version 2.24. "Jacky" was permitted entry to the Trial version of the Program following affirmation of the VBC EULA. Following access to the Trial version, "Jacky" entered a false registration key in an effort to unlock the Trial Program to unlimited use. The false registration key is noted as: 56!!!-!!7!!-!!!!!-!!!!!-!!!!! This key was not issued by VBC to defendants or to anyone.

18. VBC requires the user to enter their Registration Name, Registration email and Registration Organization. This information comes directly from the user and is not something captured by computer. "Jacky" entered Name as "LineZer0," email as test@test.com, and organization as "test." The information supplied is an obvious attempt to disguise identity in order to purloin the software with impunity. LineZer0 is a well-known notorious, international hacking group.

19. About seven minutes later, "Jacky" has accessed Version 3.02 of the Program. Using the same false key which unlocked the software and the same computer, he was allowed access to the latest version at that time, which was 3.02.

20. "Jacky" has now commenced converting Visual Basic lines of programming into C# by reason of his illegal use of VB.Net to C# Converter. Initially, he converts VB into 911 lines of C#. Nine minutes later, at 11:53 a.m., he converted VB into 10,025 lines of C#. Finally, at 1:38 p.m., he converted VB lines into 101,665 of C#. In each instance, the conversion was dedicated to specific vb projects: "MSOfficeClassLibrary," "FMAuditClass Library," and "EquipmentClassLibrary." The total of all lines illegally converted amounts to 112,601. Copies of Proofs reflecting the infringements mentioned above are attached hereto and incorporated by reference as **Exhibit "D."**

21. Plaintiff is informed and believes and thereon alleges that "Jacky" is at all relevant times an employee of MPT and ARC, presumably as a computer programmer. Further, at all times, "Jacky" is acting within the scope of his authority and performing work on behalf of his employers.

**SECOND CLAIM FOR RELIEF:** *Contributory Copyright Infringement.*

22. Plaintiff incorporates by reference paragraphs 1 through 21, as if the same were set forth fully herein.

23. Plaintiff is informed and believes and thereon alleges that Defendants, MPT and ARC, induced, caused and materially assisted in and contributed to the

infringement alleged herein by supplying its employees, officers, servants, agents and others, devices and equipment enabling them and each of them to commit the acts complained of herein. Plaintiff is further informed and believes that at all times mentioned herein defendants DOES 1-10 were aware of the illegality of what they contributed to, yet failed and refused to bring an end to these acts and was willfully blind to the activity. Accordingly, the named defendants are jointly and severally contributorily liable to plaintiff for the direct infringement committed by its employees, servants, agents or others.

24. By reason of the actions taken above, defendants aided and abetted the actions of their employee, Jacky, and materially contributed therein by turning a "blind eye" to the actions of Jacky and permitting him to continue the use of the wrongfully converted program on their computer system.

25. Defendants, and each of them, are jointly and severally liable to Plaintiff in Actual Damages of a sum unknown at this time, but for all profits attributable to the infringements, according to proof at time of trial. In the alternative, defendants are jointly and severally liable for Statutory Damages of $150,000.00, as and for the willful and intentional infringement and unauthorized access, copying and usage of plaintiff's copyrighted programs.

**THIRD CLAIM FOR RELIEF: *Vicarious Copyright Infringement***

26. Plaintiff incorporates by reference paragraphs 1 through 25, inclusive, as if the same were set forth fully herein.

27. Plaintiff is informed and believes and thereon alleges that at all times relevant to the actions complained of herein the employers, MPT and ARC, had the right and ability to oversee, govern, control and direct its employee's actions, including, but not limited to, halting any adverse conduct in which its employee is engaged, such as, preventing or deleting the illegal conversion of the VBC Program.

28. Plaintiff further alleges that as a proximate result of defendants' conduct, defendants have profited in an amount and in a manner that would not have taken place, but for the purloining of plaintiff's copyrighted software by its employees. Accordingly, defendants' have gained a direct financial benefit to which they are not entitled.

29. Under the circumstances outlined above, defendants,' and each of them, are liable to plaintiff for Statutory Damages as willful vicarious copyright infringers in the amount of $150,000.00. Defendants' are also liable for Actual Damages in an amount unknown at this time, but according to proof at time of trial.

**FOURTH CLAIM FOR RELIEF:** *Violation of the Digital Millennium Copyright Act, §1201(a)(1)(A).*

30. Plaintiff incorporates by reference paragraphs 1 through 29, inclusive, as if the same were set forth fully herein.

31. At all times mentioned herein, VBC had in force a confidential 25 digit alphanumeric code designed to control access to his copyrighted software. It

10
COMPLAINT

is only when a legitimate purchaser affirms the terms and conditions of the End User Licensing Agreement and pays the standard market fee that unlimited access to the licensed product is permitted. When adherence is satisfied plaintiff will issue to the licensee a non-exclusive, non-transferable license and provide legitimate code enabling unlimited access to the copyrighted program.

32. The code is intended as a technological measure for the purpose of protecting VBC's proprietary program. To gain access requires knowledge of the confidential 25 digits issued by plaintiff. It is intended to exclude those who seek to circumvent the code and gain unauthorized access.

33. The true number of acts of circumvention is unknown at this time, but plaintiff is informed and believes and thereon alleges that at least 3 occasions recited above occurred.

34. As a consequence of defendants' unlawful and unauthorized circumvention of plaintiff's measures, plaintiff has sustained damages as previously set forth herein.

35. The use of the circumvention device to gain access is an intentional and knowledgeable act by the defendants. It is therefore willful and subjects defendants jointly and severally liable for the maximum allowed for Statutory Damages per act of circumvention. Alternatively, Plaintiff is entitled to Actual Damages for profits attributable to the acts of circumvention per 17 U.S.C. § 1203(c)(2), according to proof at time of trial.

**WHEREFORE**, plaintiff prays that the Court issue the following:

A.  Defendant be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefitting from plaintiff's copyrighted application software identified above without the express written approval of plaintiff or its delegate;

B.  Defendants be ordered to identify, preserve, set aside and retain any and all source code and executable files used by them in the in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not limited to:(i) all electronically stored information which contains any portion of plaintiff's copyrighted program; (ii) all writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner plaintiff's program, except to those items based on privilege.

C.  Pay plaintiff all damages sustained by him as the result of their unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at plaintiff's expense. In particular, Plaintiff demands compensation of at least $150,000.00 as and for Statutory Damages under the Copyright Act or Actual Damages for profits attributable to the infringement, both direct and indirect, according to law.

D.  Plaintiff demands damages for violation of the applicable sections of the Digital Millennium Copyright Act, §1201(a), et seq., over and above

those damages recited under the Copyright Act of 1976;

E. Trial by jury.

F. All costs of litigation, costs of suit, reasonable attorney fees and interest accrued at legal rates.

G. Such other and further relief as the Court deems just under the circumstances.

DATED: November 23, 2015

                LAW OFFICES OF DONALD M. GINDY

                By: /s/ Donald M. Gindy
                Donald M. Gindy
                Attorney for Plaintiff
                VBConversions LLC

**DEMAND FOR TRIAL BY JURY**

PLEASE TAKE NOTICE that Plaintiff VBCONVERSIONS, LLC hereby demands a jury trial in this action.

DATED: November 23, 2015              LAW OFFICES OF DONALD M. GINDY

By: *[signature]*
Donald M. Gindy
Attorney for Plaintiff
VBConversions LLC